IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| Yueqiu Huang,<br>7213 Sampal Place<br>Springfield, VA 22153<br><br>Plaintiff,<br><br>v.<br><br>Carlos Gutierrez, Secretary of the<br>DEPARTMENT OF COMMERCE,<br>1401 Constitution Ave., NW<br>Washington, DC 20230<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

### JURISDICTION

1. This is an action for equitable relief and damages, based on discrimination in the workplace due to Plaintiff's sex, national origin, and retaliation for her protected activity in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-16(d) and 42 U.S.C. § 200e-5(f)(3).

### VENUE

2. Plaintiff was employed at the Bureau of the Census, which is located in Suitland, Maryland. All acts and omissions complained of occurred in or failed to occur in Prince Georges County, Maryland. Accordingly, venue, pursuant to 42 USC §2000e-5(f)(3), lies within this judicial district.

### PARTIES

3. Plaintiff Yueqiu Huang, Ph.D. is an adult resident of Springfield, Virginia and was, at all times relevant to this Complaint, an employee within the meaning of 42 U.S.C. § 2000e(f).

Katherine R. Atkinson
Bar ID #:17246
KAtkinson@ggilbertlaw.com

8401 Colesville Rd., Suite 300
Phone: 301-608-0880
Facsimile: 301-608-0881

4. Defendant Carlos M. Gutierrez is the Secretary of the United States Department of Commerce and was, at all times relevant to this Complaint, an employer within the meaning of 42 U.S.C. § 2000e(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On August 1, 2008, Plaintiff exhausted her administrative remedies.

## FACTUAL BACKGROUND

6. Yueqiu Huang, Plaintiff, served as a Survey Statistician at the Census and Survey Frame Staff Branch of the Planning, Research, and Evaluation Division ("PRED"), from September 7, 2004 to July 19, 2005. The PRED is a component of the Bureau of the Census, which is a component of the Department of Commerce.

7. Until February 14, 2005, Plaintiff's first line supervisor was Mr. Robert Colosi, Branch Chief, and her second line supervisor was Mr. James Treat, Assistant Division Chief. On February 14, 2005, Mr. Colosi was temporarily removed from his position pending an investigation into sexual discrimination complaints against him, and Mr. Treat became Plaintiff's first line supervisor.

8. Plaintiff is female and was born in China. Among other things, Mr. Colosi and Mr. Treat knew that Plaintiff was female and Chinese and stated that she spoke English poorly.

9. On the morning of March 9, 2005, Plaintiff spoke with Mr. Treat regarding Mr. Colosi's abusive treatment of female employees. Plaintiff informed Mr. Treat that Mr. Colosi made condescending, degrading, and humiliating comments to his female staff, trivialized the complexity of their work, and treated them disrespectfully.

10. Plaintiff met with Mr. Robert Creecy, an Assistant Division Chief in the Statistical Research Division and the Human Resources investigator assigned to investigating complaints of sexual discrimination against Mr. Colosi, during the afternoon of March 9, 2005 and provided him information about Mr. Colosi's discriminatory treatment of female staff members.

11. Mr. Treat's treatment of Plaintiff changed drastically for the worse after her meeting with him on March 9, 2005.

12. Plaintiff was put under much greater scrutiny. From September 7, 2004 until March 9, 2005, Plaintiff met with Mr. Treat only once to discuss her research project; but after she opposed Mr. Colosi's discriminatory actions on March 9, 2005, Mr. Treat began to meet

Katherine R. Atkinson
Bar ID #:17246
KAtkinson@ggilbertlaw.com

8401 Colesville Rd., Suite 300
Phone: 301-608-0880
Facsimile: 301-608-0881

2

with her more frequently, sometimes on a weekly basis, and ordered her to meet unreasonable deadlines.

13. Mr. Treat made comments that disparaged Plaintiff and unjustifiably criticized her work. He threatened that she might be not retained through the completion of probation.

14. On July 15, 2005, Plaintiff received an unsatisfactory performance evaluation. Mr. Treat wrote that Plaintiff failed to meet the expectations on three of the seven elements. Because many of the examples given in the appraisal were inconsistent with the facts, Plaintiff refused to sign the appraisal.

15. On July 19, 2005, Plaintiff received a termination letter with an effective date of July 22, 2005. Plaintiff resigned from her position in lieu of termination.

### COUNT 1: DISCRIMINATORY EMPLOYMENT PRACTICE AND TERMINATION OF EMPLOYMENT ON THE BASIS OF NATIONAL ORIGIN IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964.

16. Plaintiff incorporates the allegations contained in paragraphs 1-15 as if stated herein.

17. It is an unlawful employment practice for an employer to discharge or take adverse employment action against any individual because of the individual's national origin.

18. The Defendant's proffered reasons for issuing the performance appraisal and terminating Plaintiff's employment are pretext for discrimination based on Plaintiff's national origin.

19. These acts constitute a violation of 42 U.S.C. §2000e-2(a).

20. As the direct and proximate result of the acts and omissions of Defendant as described above, Plaintiff suffered loss of pay and benefits, including, but not limited to, bonuses, health insurance, diminished future earning capacity, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and nonpecuniary losses within the meaning of 42 U.S.C. §1981a.

**WHEREFORE,** Plaintiff prays this Court to:

    a.     Grant judgment in her favor against Defendant;

    b.     Grant her declaratory and injunctive relief, including but not limited to reinstatement to the position with the Defendant that she previously held;

    c.     Award for her back pay, compensate her for lost benefits, and otherwise make her whole;

    d.     Award her compensatory damages in an amount to be shown at trial;

Katherine R. Atkinson  
Bar ID #:17246  
KAtkinson@ggilbertlaw.com  

8401 Colesville Rd., Suite 300  
Phone: 301-608-0880  
Facsimile: 301-608-0881  

3

    e.    Grant her such other and further relief as justice may require.

### COUNT 2: DISCRIMINATORY EMPLOYMENT PRACTICE AND TERMINATION OF EMPLOYMENT ON THE BASIS OF SEX IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964.

21. Plaintiff incorporates the allegations contained in paragraphs 1-15 as if stated herein.

22. It is an unlawful employment practice for an employer to take adverse employment action against or discharge any individual because of the individual's sex.

23. The Defendant's proffered reasons for issuing the performance appraisal and terminating Plaintiff's employment are false and pretext for discrimination based on sex.

24. These acts constitute a violation of 42 U.S.C. §2000e-2(a).

25. As the direct and proximate result of the acts and omissions of Defendant as described above, Plaintiff suffered loss of pay and benefits, including, but not limited to, bonuses, health insurance, diminished future earning capacity, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and nonpecuniary losses within the meaning of 42 U.S.C. §1981a.

**WHEREFORE,** Plaintiff prays this Court to:

    a.    Grant judgment in her favor against Defendant;

    b.    Grant her declaratory and injunctive relief, including but not limited to reinstatement to the position with the Defendant that she previously held;

    c.    Award for her back pay, compensate her for lost benefits, and otherwise make her whole;

    d.    Award her compensatory damages in an amount to be shown at trial;

    e.    Grant her such other and further relief as justice may require.

### COUNT 3: RETALIATORY EMPLOYMENT PRACTICE AND TERMINATION OF EMPLOYMENT IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964.

26. Plaintiff incorporates the allegations contained in paragraphs 1-15 as if stated herein.

27. It is an unlawful employment practice for an employer to discriminate or retaliate against an employee because an employee has opposed any practice made an unlawful employment practice.

Katherine R. Atkinson  
Bar ID #:17246  
KAtkinson@ggilbertlaw.com

8401 Colesville Rd., Suite 300  
Phone: 301-608-0880  
Facsimile: 301-608-0881

4

28. Plaintiff participated in protected activity when she spoke with Mr. Treat and with Mr. Creecy about Mr. Colosi's discriminatory actions and behavior. Thus, Mr. Treat had direct knowledge of Plaintiff's protected activity.

29. The Defendant's proffered reasons for issuing the performance appraisal and terminating Plaintiff's employment are false and pretext for retaliation.

30. These acts constitute violation of 42 U.S.C. §2000e-3, *et seq*.

31. As the direct and proximate result of the acts and omissions of Defendant as described above, Plaintiff suffered loss of pay and benefits, including, but not limited to, bonuses, health insurance, diminished future earning capacity, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and nonpecuniary losses within the meaning of 42 U.S.C. §1981a.

**WHEREFORE,** Plaintiff prays this Court to:

a. Grant judgment in her favor against Defendant;

b. Grant her declaratory and injunctive relief, including but not limited to reinstatement to the position with the Defendant that she previously held;

c. Award for her back pay, compensate her for lost benefits, and otherwise make her whole;

d. Award her compensatory damages in an amount to be shown at trial;

e. Grant her such other and further relief as justice may require.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

*[signature]*

Katherine R. Atkinson, Esq.
Attorney for Plaintiff
8401 Colesville Road, Suite 300
Silver Spring, MD 20910
Telephone: 301-608-0880
Facsimile: 301-608-0881
KAtkinson@ggilbertlaw.com

Katherine R. Atkinson
Bar ID #:17246
KAtkinson@ggilbertlaw.com

8401 Colesville Rd., Suite 300
Phone: 301-608-0880
Facsimile: 301-608-0881

5